1  JAMES T. CONLEY, SBN 224174
   james.conley@ogletree.com
2  APRIL A. PERKINS, SBN 322166
   april.perkins@ogletree.com
3  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
4  500 Capitol Mall, Suite 2500
   Sacramento, CA  95814
5  Telephone:     916-840-3150
   Facsimile:     916-840-3159
6
7  Attorneys for Defendant
   WHITE LINE SYSTEMS, LLC

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDELL HOLMES<br><br>           Plaintiff,<br><br>      vs.<br><br>WHITE LINE SYSTEMS, LLC; and DOES 1 to 50, inclusive,<br><br>           Defendant. | Case No.<br><br>**DEFENDANT WHITE LINE SYSTEMS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**<br><br>*[Filed Concurrently with Civil Cover Sheet and Corporate Disclosure]*<br><br>(Sacramento Superior Court Case No. 34-2021-00303189)<br>Action Filed:     June 23, 2021<br>Action Served:  July 6, 2021<br>Trial Date:        None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant WHITE LINE SYSTEMS, LLC ("Defendant") hereby removes this action from the Superior Court of the State of California for the County of Sacramento to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446 on the grounds that: (1) there is complete diversity of citizenship between Plaintiff WENDELL HOLMES ("Plaintiff"), a citizen of the State of California, on the one hand, and Defendant, which is a citizen of the State of Texas, on the other hand; (2) the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in

Section 1332(a); and (3) the foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as more fully set forth below on the following grounds:

## I. THE STATE COURT ACTION

1. On or about June 29, 2021, Plaintiff filed an action entitled "WENDELL HOLMES v. WHITE LINE SYSTEMS, LLC; and DOES 1 to 50, inclusive" in Sacramento County Superior Court, Case Number 34-2021-00303189 (the "Complaint"). The Complaint is attached hereto as **Exhibit A**.

2. On July 6, 2021, along with the Summons and Complaint, Plaintiff personally served Defendant through its registered agent for service of process the following documents: (1) Civil Case Cover Sheet, (2) Alternative Dispute Resolution Information Package, and (3) Order re: Delay in Scheduling Initial Case Management Conference. True and correct copies of the foregoing are attached hereto as **Exhibit B**.

3. On July 29, 2021, Defendant filed and served its Answer and Affirmative Defenses to Plaintiff's Complaint. A true and correct copy is attached hereto as **Exhibit C**.

## II. REMOVAL IS TIMELY

4. A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the time for removal is triggered by valid service of process, rather than informal receipt of a Complaint).

5. Here, removal is timely because it took place on August 4, 2021, within thirty days of the July 6, 2021 service date.

## III. COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

6. This Court has subject matter jurisdiction in this case based upon diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. *Id*. § 1332(a)(1). Both of the requirements for subject matter jurisdiction based on diversity jurisdiction are met in this case and this case is removable to this Court.

7. Under 28 U.S.C. section 1446(a), a defendant seeking to remove a case to federal court need only file a "notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). This language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure" and that "[a] statement short and plain need not contain evidentiary submissions." *Id*. at 551, 553.

### A. The Citizenship of the Parties is Diverse

8. **Plaintiff is a Citizen of California**: For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, 2011 WL 476540, at *1 (S.D. Cal. Feb. 3, 2011) (relying on State Farm); *Smith v. Simmons*, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (same); see also *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court Complaint can create a rebuttable presumption of domicile supporting diversity of citizenship).

9. As set forth in the Complaint, "Plaintiff Wendell Holmes is, and at all times relevant herein was, an individual living in the County of Sacramento, State of California." **Exhibit A**, Complaint, ¶ 1. As such, Plaintiff is domiciled in and for purposes of diversity jurisdiction, is a citizen of the State of California.

10. **White Line Systems Is Not a Citizen of California:** Defendant White Line Systems, LLC is a Texas limited liability company with its principle place of business in Texas. (**Exhibit D**, Declaration of Alonzo White ("White Decl."), ¶ 3.) The citizenship of a limited liability company for diversity purposes is determined by examining the citizenship of each member of the company. *Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006).

////

////

////

11. The sole owner and member of White Line Systems, LLC is Alonzo White, an individual. (White Decl., ¶ 2.) For diversity purposes, an individual is a "citizen" of the state in which he or she is domiciled. *Kantor*, 704 F.2d at 1090. Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co.,* 19 F.3d at 520; *Marroquin,* 2011 WL at *1; *Smith,* 2008 WL at *7. Mr. White maintains a residence and lives full-time in Fort Worth, Texas. (*Id*. at ¶ 3-5.) Therefore, he is a citizen of Texas.

12. Accordingly, White Line Systems, LLC is, and has at all times since the action commenced, been a citizen of the state of Texas.

13. **"Doe" Defendants' Citizenship**: "For purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). Inclusion of "Doe" defendants in a state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered); *Salveson v. Western States Bankcard Ass'n*., 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that the rule in the Ninth Circuit is that non-served defendants are not required to join in a removal petition). Therefore, Plaintiff's inclusion of "DOES 1 through 50" in the Complaint cannot defeat diversity jurisdiction.

## IV. THE JURISDICTIONAL MINIMUM IS EASILY MET

14. "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554. Legal certainty of the amount in controversy is not required. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. Aug. 27, 2013) ("A defendant seeking removal . . . must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum"). "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount

in controversy, regardless of whether such an award is discretionary or mandatory); see also *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

15. To meet the relatively low burden of production regarding the amount in controversy, a defendant may rely on plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated. See *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendant's own numbers" for "purposes of analyzing the amount in controversy"). Such calculations are more than sufficient to establish the amount in controversy. See *Id.* at 986 ("The amount of overtime claims in controversy can . . . be calculated using a combination of Defendant's own numbers and Plaintiff's allegations").

16. When a plaintiff's state court complaint expressly seeks more than $75,000 in damages, the court considers removal a "legal certainty" and removal on the basis of diversity will be allowed unless the amount set forth in the initial complaint was stated in bad faith. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996).

17. This Court's jurisdictional minimum of an amount in controversy over $75,000 is and was satisfied at the time this action was filed, as explained below.

18. **Compensatory Damages**: Plaintiff seeks lost income in the form of past and future earnings. **Exhibit A**, Complaint, ¶ 25; Plaintiff's Prayer for Relief, p. 7, ¶¶ 1, 2, 7, 8. Plaintiff's employment with Defendant ended on November 28, 2020. Assuming Plaintiff has not secured new employment, he puts at issue almost 8 months' worth of lost income to date, and assuming this case is resolved at trial, likely no earlier than July, 2022 (a year from the date the lawsuit was served), his back pay claim will seek more than 19 months of lost wages and benefits. At the time of Plaintiff's separation of employment, he earned weekly wages of approximately $950.00. Thus, the amount in controversy for lost wages is at least approximately $78,850.

19. In addition, Plaintiff's complaint specifically alleges $400,000 in damages for past and future lost earnings for the first, second, and third causes of action. **Exhibit A**, Plaintiff's Prayer for Relief, p. 7, ¶¶ 1, 2, 7, 8.

////

20. **Emotional Distress**: Plaintiff also seeks compensation for general damages including but not limited to past and future emotional distress. **Exhibit A**, Plaintiff's Prayer for Relief, p. 7, ¶¶ 3, 4, 9, 10. A defendant may introduce evidence of jury verdicts in cases involving analogous facts to establish a probable amount of emotional distress damages. *Simmons c. PCF Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). The facts of such a case need not be "perfectly analogous" to the case at issue. *Id.* A review of California jury verdicts demonstrate that emotional distress awards alone can exceed $75,000 for Labor Code section 1102.5 based retaliation and wrongful termination claims. See, e.g., *Qiu v. Three Rivers Provider Network Inc.* 2019 WL 7762121 (2019) ($2,500,000 in compensatory pain and suffering awarded); *Ortega v. Carson Wild Wings LLC*, 2020 WL 1812491 (2020) ($128,000 in compensatory pain and suffering awarded).

21. In addition, Plaintiff's complaint specifically alleges $400,000 in damages for past and future emotional distress for the first, second, and third causes of action. **Exhibit A**, Plaintiff's Prayer for Relief, p. 7, ¶¶ 3, 4, 9, 10. Therefore, Plaintiff's claimed emotional distress damages alone likely satisfy the amount in controversy requirement for removal.

22. **Punitive Damages**. Plaintiff seeks punitive damages. **Exhibit A**, Plaintiff's Prayer for Relief, p. 7, ¶¶ 6, 11. The amount in controversy may include punitive damages. *Davenport v. Mut. Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963). For amount in controversy purposes, the court must conclude that Plaintiff will prevail on his claim for punitive damages. *See Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449–50 (S.D. Cal. 1995) (amount in controversy includes potential recovery of punitive damages award). An examination of California jury awards illustrates that punitive damages awards in these types of retaliation cases often exceed the $75,000 amount in controversy requirement. *See, e.g., Wadler,* 141 F.Supp.3d ($5,000,000 punitive damages award in retaliation case); *Qiu,* 2019 WL 7762121 ($400,000 in punitive damages awarded); *Ortega,* 2020 WL 1812491 ($100,000 in punitive damages awarded). Therefore, Plaintiff's claim for punitive damages alone likely satisfy the amount in controversy requirement for removal.

////

23. **Waiting Time Penalties**: Plaintiff seeks penalties under California Labor Code section 203 premised on his allegation that "Defendants willfully failed to pay Plaintiff all earned but unpaid wages on the date of termination..." **Exhibit A**, Complaint, ¶ 40. Plaintiff seeks waiting time penalties "equal to his rate of pay for each day the Defendants failure to pay him for all wages, up to 30 calendar days." **Exhibit A**, Complaint, ¶ 41.

24. California Labor Code section 203 provides that "[i]f an employer willfully fails to pay … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."  Thus, based on Plaintiff's allegations, the amount in controversy for Plaintiff's waiting time penalties is $3,427 (30 days X $190 = $5,700).

25. **Summary**: Based on Plaintiff's allegations detailed above and summarized in the following table, the amount in controversy is at least **$805,700**.

| Claim | Amount in Controversy |
| --- | --- |
| Lost Past Wages | $200,000 |
| Lost Future Wages | $200,000 |
| Past Emotional Distress | $200,000 |
| Future Emotional Distress | $200,000 |
| Waiting Time Penalties | $5,700 |
| **TOTAL** | **$805,700** |

////
////
////
////
////
////

**DEFENDANT WHITE LINE SYSTEMS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**

26. Accordingly, Plaintiff's claims for lost wages and waiting time penalties – which are **$405,700** – in conjunction with Plaintiff's claims for emotional distress, punitive damages, and attorneys' fees, establish on the face of the Complaint that the amount in controversy indisputably exceeds $75,000.[1]  The second requirement of diversity jurisdiction is satisfied.

## V. VENUE

27. Venue lies in this Court pursuant to 28 U.S.C. § 1441(a), as Plaintiff originally brought this action in the Superior Court of the State of California of the County of Sacramento, and Plaintiff also resides in the County of Sacramento. **Exhibit A**, Complaint, ¶ 1.

## VI. SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

28. In accordance with United States Code, Title 28, Section § 1446(a), **Exhibits A – B** constitute a copy of all processes, pleadings, and orders served upon and by Defendants. As required by 28 U.S.C. §1446(b), the Notice of Removal was filed within 30 days after Defendants were personally served with Plaintiff's Complaint. As required by 28 U.S.C. §1446(d), Defendants will provide notice of this removal to Plaintiff through his attorneys of record. As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of Sacramento.

## VII. CONCLUSION

29. Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

////

////

////

////

---

[1] By estimating the amount Plaintiff might recover if he prevails, Defendant does not concede that Plaintiff will prevail on any of his claims or that, if he prevails, he is entitled to damages in any particular amount or at all. Rather, these are the damages which Plaintiff claims he is entitled. Defendant reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

8

**DEFENDANT WHITE LINE SYSTEMS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**

30. In the event this Court has a question regarding the propriety of this Notice, Defendant requests the Court set an evidentiary hearing so that they may have an opportunity to more fully brief the Court on the basis for this removal and amend this Notice of Removal, if necessary.

DATED: August 4, 2021

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ April A. Perkins*_____
    James T. Conley
    April A. Perkins

Attorneys for Defendant
WHITE LINE SYSTEMS, LLC

47960812.1

9

**DEFENDANT WHITE LINE SYSTEMS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**